IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **TROY LEE GREER, JR.** | * | **CIVIL ACTION NO. 05-0322** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LOWES HOME CENTERS, INC.** | * | **MAGISTRATE JUDGE HAYES** |

**R U L I N G & O R D E R**

Before the Court is a Motion to Compel (Doc. #12) filed by Plaintiff, Tony Lee Greer, Jr. ("Greer"). For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff, Troy Lee Greer, Jr. ("Greer"), filed a race discrimination action against his former employer, Lowes Home Centers, Inc. ("Lowes"). On November 11, 2005, Plaintiff served discovery requests on Lowes. Lowes responded to the discovery requests on December 15, 2005. Plaintiff filed the current Motion to Compel on December 29, 2005 claiming that Lowes objected to the majority of Plaintiff's discovery requests or gave incomplete information. Defendant opposes the Motion to Compel. Lowes claims that it asserted valid objections and otherwise provided good and sufficient answers.

Request for Production No. 4 - Tony Wood Documents

Plaintiff's Motion to Compel is **DENIED**. Defendant's response is adequate for purposes of this suit.

Request for Production No. 5 - Boogaerts Documents

Plaintiff's Motion to Compel is **GRANTED**. Defendant is to produce all documents

1

responsive to the request regarding complaints about Boogaerts, all investigation into the complaints, and write-ups, warnings, disciplinary actions, and evaluations.

Interrogatory No. 5 - After Acquired Information

Plaintiff's Motion to Compel is **GRANTED**. Defendant is to respond to the interrogatory based on the information it possesses relevant thereto, and is to supplement should any additional information be found during discovery.

Interrogatory No. 6 - Policy on Rates of Pay

Plaintiff's Motion to Compel is **DENIED** as irrelevant. The Complaint contains no allegations of disparate pay.

Request for Production No. 7 - Policy on Rates of Pay for Managers

Plaintiff's Motion to Compel is **DENIED** as irrelevant. The Complaint contains no allegations of disparate pay.

Interrogatory No. 7 - Employee Information

Plaintiff's Motion to Compel is **DENIED**. Plaintiff requested the employment status and contact information on 31 current and former Lowe's employees. Lowes has supplied the information it had for a majority of the individuals and stated that the response would be updated as additional information was compiled. Plaintiff is able to contact (and properly should only contact) current Lowe's managerial employees through counsel of record, and personal contact information for those employees need not be supplied.

Request for Production No. 10 - Plaintiff's Check Information

Plaintiff received the documents regarding the check Plaintiff wrote to Lowes, but states that the requested payroll deposit documents were not produced. The Motion to Compel is **DENIED** because Plaintiff has provided no explanation of why the records of automatic payroll

deposits are relevant to this matter.

Interrogatory No. 9 and Request for Production No. 11 - Comparative Information Regarding Checks Written

Plaintiff's Motion to Compel is **GRANTED IN PART**. Defendant is to identify **all employees disciplined or terminated by Randall Boogaerts** for writing an insufficient funds check to Lowes. Lowes must state each employee's race, dates of employment, date of incident, store location and discipline received. In addition, Lowes must produce all documents relevant to the incident, including the discipline imposed, and all documents containing information considered in determining the degree of discipline. However, because of the sensitive nature of the information, Lowes is to redact the employee's name, address, and other personal information with the exception of race.

Requests for Production No. 14 and 15 - Plaintiff's and Other Employees' Complaints and Lowe's Investigations

Plaintiff's Motion to Compel is **GRANTED IN PART.** Defendant is to produce the requested information, **however production is limited to complaints of race discrimination only**.

Request for Production No. 19 - Pay Scales

Plaintiff's Motion to Compel is **GRANTED IN PART**. Defendant is to produce all documentation showing the pay scales of supervisory and management employees at the Monroe store from 1998 to present.

Interrogatory Nos. 10, 11, and 12 - Facts Supporting Answer

Plaintiff's Motion to Compel is **DENIED**. Defendant's previous response is adequate.

Interrogatory No. 13 and Request for Production No. 20 - Reasons for Plaintiff's Termination

Plaintiff's Motion to Compel is **DENIED**. Defendant's previous response is adequate.

Interrogatory No. 14 and Request for Production No. 21 - Comparative Treatment

Plaintiff's Motion to Compel is **GRANTED IN PART**. Defendant's responses are to be **limited to employees from the Monroe store from 1998 through the date Boogaerts was transferred**. Subject to that limitation, Defendant is to identify all persons who committed any of the same alleged infractions as Plaintiff and state the discipline given, the employee's race, and is to produce all documents relating to these employees' infractions and disciplinary actions. For infractions involving alleged conduct that might be of a sensitive nature, Defendant is to redact the information so as to delete the names and social security numbers of the employees.

Request for Production No. 23 - Information on Benefits

Plaintiff's Motion to Compel is **GRANTED IN PART**. Defendant's responses are to be **limited to specific benefits given to Plaintiff**. Subject to that limitation, Defendant is to produce such information.

Request for Production No. 24 - EEOC Documents

Plaintiff's Motion to Compel is **DENIED**. Defendant has responded adequately to this request.

Interrogatory No. 15 and Request for Production No. 26 - Other Violators of Smoking Policy

Plaintiff's Motion to Compel is **GRANTED**, but is **limited to the Monroe store only**. Defendant is to respond fully to Interrogatory No. 15, and to produce the requested information as to current or former employees of the Monroe store.

Interrogatory No. 16 and Request for Production No. 27 - Other Violators of Poor Zone Recovery

Plaintiff's Motion to Compel is **GRANTED**, but is **limited to the Monroe store only**. Defendant is to respond fully to Interrogatory No. 16, and to produce the requested information as to current or former employees of the Monroe store.

Request for Production No. 31 - Disciplinary Action Against Former Store Manager Randy Andrews

Plaintiff's Motion to Compel is **DENIED**.

4

Request for Production No. 32 - Information on Employees

Defendant argues that the information sought by Plaintiff is objectionable as this is not a pattern or practice case. However, for individual disparate treatment plaintiffs, the Supreme Court has pointed out that statistical evidence is admissible and may be helpful, though not dispositive. *See Furnco Const. Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). Therefore, Plaintiff's Motion to Compel is **GRANTED**. Defendant is to produce the requested information, but is to redact the information so as to delete the names and social security numbers of the employees.

Accordingly, Plaintiff's Motion to Compel (Doc. #12) is **GRANTED IN PART** and **DENIED IN PART**, as set out above. Defendant is **ORDERED to comply, as outlined above**, **within 15 days of the date of this order**.

THUS DONE AND SIGNED at Monroe, Louisiana this 1st day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE