

RECEIVED
IN MONROE, LA
APR 1 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TROY LEE GREER | CIVIL ACTION NO. 05-0322 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOWE'S HOME CENTERS, INC. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is Defendant Lowe's Home Centers, Inc.'s ("Lowe's") Rule 72(a) Objection, with Incorporated Memorandum in Support, to Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery"("Objection") [Doc. No. 34]. Lowe's appeals a ruling by Magistrate Judge Karen L. Hayes [Doc. No. 32] granting in part and denying in part Plaintiff Troy Lee Greer's ("Greer") Motion to Compel [Doc. No. 12]. Greer filed an opposition memorandum to Lowe's Objection, in which he also asserts his own dissatisfaction with Magistrate Judge Hayes' ruling.[1]

A motion to compel is a non-dispositive pre-trial matter. Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court reviews a magistrate judge's rulings on a non-dispositive matter only to determine whether they are clearly erroneous or contrary to law.

Having reviewed the parties' pleadings, the Court GRANTS IN PART AND DENIES IN PART Lowe's Objection. The Court finds that Magistrate Judge Hayes' order is consistent with the rules and law on discovery, except as modified below.

First, with regard to Request for Production No. 5, the Court clarifies that Lowe's is required

---

[1] To the extent that Greer sought to object to Magistrate Judge Hayes' ruling, his objection is untimely and will not be considered by the Court.

to produce **only** documents regarding "complaints about Boogaerts, all investigation into the complaints, and write-ups, warnings, disciplinary actions, and evaluations." The Court believes this was Magistrate Judge Hayes' intent, but, to the extent that her intent was not clear, offers this clarification.

Second, the Court modifies Magistrate Judge Hayes' ruling on Greer's Interrogatory No. 9 and Request for Production No. 11. Lowe's is required to identify all managers disciplined or terminated by Randall Boogaerts for writing an insufficient funds check to Lowe's.[2] Lowe's must state each employee's race, dates of employment, date of incident, store location, and discipline received. In addition, Lowe's must produce all documents relevant to the incident, including the discipline imposed, and all documents containing information considered in determining the degree of discipline. Lowe's is to redact the employee's name, address, and other personal information with the exception of race.

Third, the Court modifies Magistrate Judge Hayes' ruling on Greer's Requests for Production No. 14 and 15. Lowe's is required to produce the documentation compelled by Magistrate Judge Hayes from **1998** to the present.

Fourth, the Court modifies Magistrate Judge Hayes' ruling on Interrogatory No. 14 and Request for Production No. 21, so that Lowe's must identify only those managers of the Monroe store who were disciplined during the identified period and produce associated documentation.

Fifth, the Court modifies Magistrate Judge Hayes' ruling on Interrogatories 15 and 16 and

---

[2]The Court intends that Lowe's produce this information as to the three stores managed by Boorgaerts. The Court finds that Greer's discovery requests are appropriately limited to persons serving as managers under Boorgaerts, even if not at the Monroe store.

Requests for Production 26 and 27, so that Lowe's must identify only those managers of the Monroe store who were "written up or terminated by Boogaerts" for violations of the smoking or poor zone recovery policies.

IT IS ORDERED that Lowe's comply with this Order no later than **April 26, 2006**.

IT IS FURTHER ORDERED that, consistent with the Court's April 4, 2006 Order [Doc. No. 38], Greer is granted an extension of time until **May 12, 2006** to file any memorandum in opposition to Lowe's Motion for Summary Judgment.

MONROE, LOUISIANA this 11 day of April, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE